Larry Glenn BECK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–437.

Court of Criminal Appeals of Oklahoma.

July 10, 1978.

H. Gene Seigel, Sam H. Cassidy, III, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Larry Glenn Beck, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–76–1575, for the offense of Unlawful Possession of Marihuana with Intent to Distribute in violation of 63 O.S. 1971, § 2–401. His punishment was fixed at five (5) years' imprisonment with the last four (4) years being suspended and a fine of One Thousand Dollars ($1,000.00). From said judgment and sentence a timely appeal has been perfected to this Court.

At the non-jury trial the parties agreed that the trial court could consider the evidence and stipulations presented at the preliminary hearing in addition to an agreed stipulation of facts as to the testimony of Officer Gary Walsmith. Barry Clark Jenkins testified that in June of 1976, he was employed by the defendant and codefendant Steven Trotter to transport marihuana from Tucson, Arizona to Tulsa; and that on or about June 12th or 13th he went to Tucson in defendant Trotter's car and picked up several green garbage bags. He and codefendant Trotter placed the bags in the trunk of the vehicle. He was stopped near Tucumcari, New Mexico, for speeding. He was asked for the vehicle registration. He gave the arresting officer the registration which reflected that it was registered in codefendant Trotter's name. The officer then asked him is he could search the car. Jenkins consented and opened the trunk. The officer said he smelled marihuana and placed Jenkins under arrest. Jenkins was transported to Tucumcari, and advised of his constitutional rights. Jenkins agreed to cooperate with the officers in consideration for not being charged with a felony. He and two New Mexico officers drove to Tulsa where they met Tulsa police officers. He went to codefendant Trotter's residence, who told them they were going to the defendant's house. At this point the officers moved in and arrested codefendant Trotter. Jenkins went into the defendant's residence and helped him carry the garbage bags into the house. The officers again moved in and arrested the defendant.

The defendant asserts as the sole assignment of error that the trial court erred in overruling his motion to suppress, in that the search and seizure of the marihuana by the New Mexico police officer was in violation of not only Jenkins; but his constitutional rights. The defendant does not question the validity of the stopping for a traffic violation nor does the question that Jenkins gave consent to the search. The defendant argues that the search was illegal in that Jenkins was not given a *Miranda* warning nor was he given his Fourth Amendment rights. We need only observe that the defendant does not have the standing to contest the search and seizure of Jenkins in New Mexico. In *Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973), the United States Supreme Court set forth the criteria to determine who has standing to contest a search as follows:

"In deciding this case, therefore, it is sufficient to hold that there is no stand-

ing to contest a search and seizure, where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c), were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure."

The defendant does not fall within any of the three necessary categories. He was not in the car at the time of the search. He did not have a proprietary interest in the automobile in that it was owned and registered to codefendant Trotter. Finally, the charge in the instant case did not include as an essential element possession of the marihuana at the time of the search and seizure in New Mexico. We would further observe that defendant does not directly contest the search and seizure in Tulsa.

Having determined that this single assignment of error is without merit, it necessarily follows that the judgment and sentence must be and the same is hereby *AFFIRMED*.

CORNISH and BRETT, JJ., concur.